```
              THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | |
|---|---|
| FRANKLIN SUAZO, § | |
| § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:19-cv-447 |
| § | |
| DIP SHIPPING COMPANY, LLC, § | |
| and LUPE DIP, INDIVIDUALLY, § | |
| § | |
|     Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY OF SUIT

1.  Defendant Dip Shipping Company, LLC (the "Company") ships goods to Honduras, Nicaragua, Guatemala, and Mexico from warehouse facilities located in Houston, Miami and New Orleans. Lupe Dip ("Dip") is a Company manager. Reference to the "Defendants" is to the Company and Dip collectively. Unfortunately, the Defendants did not pay their non-exempt employee Plaintiff Franklin Suazo ("Suazo") time-and-one-half overtime wages for the overtime hours that he worked. Accordingly, Suazo brings this action to recover unpaid overtime wages, liquidated damages, and attorneys' fees owed to him under the Fair Labor Standards Act, 29 U.S.C. Section 216(b)(2019)("FLSA").

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2019) and 28 U.S.C. § 1331 (2019).

3.  Suazo brings this Complaint in the district in which the Defendants do business and where a substantial portion of the

conduct charged herein occurred.  As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2019).

## THE PARTIES

4.   Suazo, a resident of Houston, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint.  In performing his duties for the Company, Suazo engaged in commerce or in the production of goods for commerce.

5.   The Company, an enterprise engaged in commerce, is a foreign limited liability company doing business in Houston, Harris County, Texas.  The Company has acted, directly or indirectly, in the interest of an employer with respect to Suazo.  The Company may be served with process by serving its registered agent, Margie Dip, 2601 Marietta Street, Kenner, Louisiana 70062.

6.   Dip has acted, directly or indirectly, in the interest of an employer with respect to Suazo.  Dip may be served with process at 13483 NW 19th Lane, Miami, Florida 33182.

## BACKGROUND

7.   Suazo began his employment with the Company in 2010 working at its storage facility in the Honduras.  In April of 2016, Suazo was transferred to the Company's Houston warehouse facility.  Suazo's job duties as a warehouse worker included picking up goods for delivery, receiving and storing goods at the warehouse for delivery later, scanning goods into the warehouse database,

invoicing customers, and collecting payments. Souza was also responsible for scheduling transport of the stored goods by other companies.

8. For all but three (3) weeks of his employment in Houston, Suazo worked alone at the Houston warehouse facility. Suazo typically worked six (6) days each workweek and, often times, was tasked with opening the warehouse late at night for after hour deliveries or pickup of storage containers for shipping.

9. Although Suazo regularly worked more than forty (40) hours per week, he was not paid at one and one-half (1½) his regular hourly rate for hours worked over forty (40) hours each workweek.

10. As a non-exempt employee, Suazo was entitled to be paid one and one-half (1½) times his regular hourly rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2019).

11. No exemption excuses the Defendants from paying Suazo overtime compensation for all hours worked over forty (40) hours each work week at one and one-half (1½) times his regular hourly rate. Nor have the Defendants made a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to Suazo.

12. Dip has a substantial financial interest in the Company and is directly involved in:

a.   the hiring and firing of the Company's employees;

b.   the day-to-day operations of the Company as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by Company employees;

c.   the Company's finances; and

d.   corporate decisions.

## CAUSE OF ACTION

### A. Unpaid Overtime Compensation

13.   Suazo regularly worked in excess of forty (40) hours per week for which he was not compensated at one-and-one-half (1½) times his regular hourly rate of pay.

14.   As a non-exempt employee, Suazo was entitled to be paid one-and-one-half (1½) times his regular hourly rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a) (2019). Accordingly, the Defendants' practice of failing to pay Suazo overtime compensation was, and is, a clear violation of the FLSA.

15.   No exemption excused the Defendants from paying Suazo on and-one-half (1½) times his regular hourly rate for hours worked over forty (40) hours.  Nor did the Defendants make a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Suazo.

16.   Accordingly, Suazo is entitled to overtime pay in an

amount which is one and-one-half (1½) times his regular hourly rate of pay.

17.  Additionally, Suazo is entitled to an amount equal to all of his unpaid overtime wages as liquidated damages.

18.  Finally, Suazo is entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2019).

## PRAYER

WHEREFORE, Plaintiff Franklin Suazo requests that this Court award him judgment, jointly and severally, against Defendants Dip Shipping Company, L.L.C., and Lupe Dip, Individually, for:

- a. damages for the full amount of his unpaid overtime compensation;

- b. an amount equal to his unpaid overtime compensation as liquidated damages;

- c. reasonable attorneys' fees, costs and expenses of this action;

- d. pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

- e. such other and further relief as may be allowed by law.

Respectfully submitted,


/s/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas   77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF


OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com